UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SANTOS MENDEZ,

    Plaintiff,

vs.

CARNIVAL CORPORATION, d/b/a CARNIVAL
CRUISE LINES, INC.,

    Defendant.
_____/

## NOTICE OF REMOVAL AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF

COMES NOW, the Defendant, CARNIVAL CORP. d/b/a CARNIVAL CRUISE LINES, ("Carnival"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 9 U.S.C. § 202, *et seq.*, hereby files this Notice of Removal and Incorporated Memorandum of Law In Support Thereof, and as grounds therefor states as follows:

1) This is an action by SANTOS MENDEZ, a national of Honduras and former employee of CARNIVAL. Plaintiff alleges he worked as an assistant joiner in May 2013. While performing his assigned job duties suffered injury which required surgery to his left knee and the recommendation and need for a knee replacement.

2) At all times material to Plaintiff's Complaint, the terms of Plaintiff's employment were governed by successive Seafarer's Agreements (the "Agreement") between the parties. The Seafarer's Agreement in effect for time period alleged in the Complaint is attached hereto as Exhibit "1."

3) Plaintiff signed the Agreement and thereby accepted its terms, including a

mandatory arbitration provision.

4. Paragraph 8 of the Agreement acknowledges that the Agreement constitutes a commercial legal relationship between the Seafarer and his employer, Carnival. (Ex. 1).

5. Paragraph 9 of the Agreement provides that any and all disputes arising out of or in connection with the Agreement shall be referred to, and resolved by, arbitration referred to and finally administered and resolved by National Arbitration and Mediation (NAM) under its Comprehensive Dispute Resolution Rules and Procedures and fee schedule in effect at the time of initiating with NAM, which rules are, as amended, deemed to be incorporated by reference to the agreement The place of arbitration shall be in London, England, Monaco, Panama City, Panama, or Manila, Philippines, whichever is closer to the Seafarer's home country. (Ex. 1).

6. The Agreement constitutes an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention").

7. Cases involving the interpretation of arbitration agreements are removable to federal court. Specifically, 9 U.S.C. § 205 states:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceedings to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

8. Additionally, 28 U.S.C. § 1441(a) permits the defendant or defendants in any civil action brought in state court over which the federal district courts have original jurisdiction to remove the action to the district court for the district encompassing the state court in which the action is pending.

9. On or about June 26, 2014, Carnival was served with a Complaint in state court in

the Eleventh Judicial Circuit of Miami-Dade County, Florida, Case No.: 14-16659-CA-06, asserting claims for Jones Act negligence; unseaworthiness; failure to provide prompt, adequate and complete medical treatment; and failure to provide maintenance and cure. A copy of the Complaint and all other pleadings, process, and orders in this case is attached hereto as <u>Exhibit "2,"</u> pursuant to 28 U.S.C. § 1446(a).

10.  The Complaint expressly states that the causes of action asserted "arise under the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States." (Compl., <u>Ex. 2</u> at ¶ 4).

11.  Original jurisdiction over civil cases of admiralty or maritime jurisdiction was vested in the federal district courts by the Judiciary Act of 1789. Judiciary Act of 1789, ch. XX, § 9, 1 Stat. 73 (codified as amended at 28 U.S.C. § 1333(a)).

12.  Accordingly, this suit is an action over which the United States District Court has original jurisdiction under the provisions of 9 U.S.C. § 202, *et seq.*, and one that may be removed to federal court under the provisions of 9 U.S.C. § 205, in that it is an action arising under the laws of the United States and relating to an arbitration agreement falling under the Convention.

13.  The additional grounds for removal are as follows:

    a)  There has been no trial of the state court action.

    b)  SANTOS MENDEZ is a seaman with Honduran nationality.

    c)  Defendant Carnival is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida and the *Carnival Liberty* is registered in Panama.

    d)  The underlying Seafarer's Agreement requires arbitration in London, England; Monaco; Panama City, Panama; or Manila, Philippines,

whichever is closer to the Seafarer's home country of Barbados.

e) Because the Agreement is between a foreign corporation and a foreign seaman, and because the Agreement provides for arbitration, this dispute falls under the provisions of the Convention. See 9 U.S.C. § 202, *et seq.*

14. Accordingly, this Court has jurisdiction over this action, and this case is properly removed pursuant to 9 U.S.C. § 205 to the United States District Court for the Southern District of Florida.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to Plaintiff.

16. Also pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

17. Carnival files and presents herewith the sum of $400.00 pursuant to 28 U.S.C. §1914.

## MEMORANDUM OF LAW

The removal jurisdiction of federal district courts extends to cases over which they have original jurisdiction. *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 272 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." *Id.* (citing 28 U.S.C. § 1441(b)). "Under § 203 of the Convention Act, '[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States, notwithstanding the savings to suitors clause, under § 205 of the Convention Act: Where

the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.'" *Id.*

A party's request to a federal district court to compel arbitration must be granted where 1) there is an agreement in writing to arbitrate the dispute; 2) the agreement provides for arbitration in the territory of a signatory of the Convention; 3) the agreement to arbitrate arises out of a commercial legal relationship; and 4) there is a party to the agreement who is not an American citizen. 9 U.S.C. §§ 201-208; *Francisco*, 293 F.3d at 272; *Lindo v. NCL (Bahamas) Ltd.*, 652 F.3d 1257 (11th Cir. 2011); *Bautista v. Star Cruises*, 396 F.3d 1289 (11th Cir. 2005); *see Arauz v. Carnival Corp.*, 2012 U.S. App. LEXIS 7116 (11th Cir. 2012) (following *Lindo* and affirming district court's order to compel arbitration after Carnival timely removed to the district court for the Southern District of Florida).

Therefore, the elements necessary to invoke the Convention and to compel arbitration are met here: SANTOS MENDEZ a foreign citizen and Honduran national, signed a written employment contract stating that all claims and disputes arising from his employment, including personal injury claims, were subject to arbitration in Panama City, Panama as the location closest to Plaintiff's home country of Honduras. The employment contract states that this dispute shall be governed by the law of the Flag State; here, that means Panama, as the Flag State for the *Carnival Liberty.* Panama is a signatory to the Convention. *See*, 9 U.S.C. § 201 note (see notes following the text of Convention indicating signatories); *Francisco*, 293 F.3d at 273. As arbitration is proper, this Court has jurisdiction pursuant to the Convention and Carnival's

removal of this action from state court is proper and valid.

Accordingly, this Court has jurisdiction over this action, and this case is removed to the Southern District of Florida, pursuant to 9 U.S.C. § 205.

Carnival files and presents herewith the sum of $400.00.

WHEREFORE, Defendant, CARNIVAL CORPORATION d/b/a CARNIVAL CRUISE LINES, moves this Court for an Order that the action now pending against it in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No.: 14-16659-CA-06, be Removed to this Court and thereafter this action proceed therein.

Dated: July 15, 2014
       Miami, Florida

Respectfully submitted,

/s/ David J. Horr
_____
DAVID J. HORR
Florida Bar No.: 310761
dhorr@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Two Datran Center, Suite 1700
9130 South Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
Attorneys for Defendant(s)

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on July 15, 2014, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing

document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Electronic Filing.

/s/ David J. Horr
_____
· DAVID J. HORR
Florida Bar No.: 310761
dhorr@admiral-law.com

## SERVICE LIST

| | |
|---|---|
| **Bruce Margulies, Esq.** | **David J. Horr, Esq.** |
| Florida Bar No. | Florida Bar No. 310761 |
| bmargulies@rivkindlaw.com | davidh@admiral-law.com |
| Rivkind & Margulies, P.A. | HORR, NOVAK & SKIPP, P.A. |
| Concord Building, Suite 600 | Two Datran Center, Suite 1700 |
| 66 West Flagler Street | 9130 S. Dadeland Boulevard |
| Miami, Florida 33130 | Miami, Florida 33156-7866 |
| Telephone: (305) 374-0565 | Telephone: (305) 670-2525 |
| Telefax: (305)539-8341 | Telefax: (305) 670-2526 |
| **Attorneys for Plaintiff** | **Attorneys for Defendant** |

/18