Filing # 15296678 Electronically Filed 06/26/2014 04:26:06 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANTOS MENDEZ,                              GENERAL JURISDICTION DIVISION

      Plaintiff                             CASE NO.:

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

      Defendant.

_____/

### COMPLAINT, DEMAND FOR JURY TRIAL WITH INTERROGATORIES, REQUEST FOR PRODUCTION, REQUEST FOR ADMISSIONS, AND MOTION FOR IMMEDIATE INSPECTION OF VESSEL AND ACCESS TO EYE WITNESSES

Plaintiff, SANTOS MENDEZ, sues Defendant, CARNIVAL CORPORATION d/b/a

CARNIVAL CRUISE LINES, INC., and alleges:

    1.     This is an action seeking damages in excess of the jurisdictional limits of the Circuit

Court, in and for Miami-Dade County, Florida.

    2.     Defendant, at all times material hereto, personally or through an agent:

        a.     Operated, conducted, engaged in or carried on a business venture in this

             state and/or county or had an office or agency in this state and/or county.

        b.     Was engaged in substantial activity within this state.

        c.     Operated vessels in the waters of this state.

        d.     Committed one or more of the acts stated in Florida Statutes, Sections 48.081,

             48.181 or 48.193.

EXHIBIT
2

    e.     The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

    f.     Defendant has its base of operations in Miami, Florida and principal place of business.

3.    Defendant is subject to the jurisdiction of the Courts of this state.

4.    The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. §30104, and the General Maritime Law of the United States.

5.    At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, CARNIVAL LIBERTY, as well as other vessels in its fleet that Plaintiff was assigned to work on.

6.    At all times material hereto, Plaintiff's employer was either the ship owner or an agent of the ship owner and/or ship operator.

7.    At all times material hereto, the Plaintiff was employed by the Defendant, and was working onboard the Defendant's vessels for the Defendant as an, Assistant Joiner.

8.    At all times material hereto, Plaintiff was a long-term employee of Defendant and was required to undergo pre-employment physical examinations prior to working on Defendant's vessels. Defendant was always found fit to perform the job duties assigned to him by the Defendant.

9.    At all times material hereto, the Plaintiff performed job tasks and activities requiring him to engage in repetitive stooping, reaching, bending, lifting, standing and carrying

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

heavy items. These tasks and activities were physically exerting tasks that put him at risk for suffering musculoskeletal type injuries.

10.     Defendant knew, or should have known, that the job tasks and activities that were assigned to the Plaintiff put him at risk for musculoskeletal injuries, and Defendant should have implemented an appropriate ergonomics program, and conducted appropriate risk assessments, in order to address the ergonomics risk factors in the job, and eliminate and or guard against these risks.

11.     Defendant failed to do a proper risk assessment, identify the hazards of the job, and otherwise adopt an appropriate ergonomics program so that Plaintiff would be provided with a reasonably safe place to work.

12.     On or about March 2013, the Plaintiff, with a known left knee condition was cleared for work by Defendant and assigned the strenuous work tasks and duties of an assistant joiner.

13.     Thereafter, on or about May 2013, Plaintiff was performing his assigned job duties as an assistant joiner which included but was not limited to changing of carpets which required him to lift, carry and transport heavy rolls of carpet.   As a result of this work his condition worsening, requiring further surgery to Plaintiff's left knee and the recommendation and need for a knee replacement.

14.     Plaintiff was assigned the strenuous work tasks and duties of his job, without the Defendant taking into consideration Plaintiff's physical limitations and history of knee injuries. Defendant failed to assign Plaintiff the work for which he was reasonably suited.  He was assigned work that was beyond his capacity and based on Plaintiff's prior medical history, Defendant knew or should have known that the work assignments given to Plaintiff exposed him to an unreasonable

risk of harm.   As such, Defendant knew or should have known that Plaintiff was unfit to perform the work assigned to him because of his knee condition.

15.     After Plaintiff's injury in May 2013, the doctors chosen by the Defendant to treat the Plaintiff recommended that he undergo a knee replacement.  However, Plaintiff was then sent to Cali, Colombia and the doctor chosen by the Defendant to treat the Plaintiff determined that a knee replacement was not necessary and Plaintiff underwent surgery to his left knee on or about July 2013.

16.     Plaintiff was found to have reached maximum medical improvement on or about September 2013, however Plaintiff continues to suffer with pain and disability to his left knee.

17.     Plaintiff was not provided with prompt, proper and adequate medical care and treatment as Plaintiff was continuously returned to work by the Defendant despite his known knee condition, without Defendant taking into consideration that Plaintiff's job duties and assignments required him to bend, kneel and squat which posed a unreasonable risk of injury to Plaintiff's left knee.

18.     Plaintiff continues to suffer with pain and disability and will continue to suffer in the future.

<u>COUNT I</u>
(Jones Act Negligence)

Plaintiff readopts and realleges paragraphs 1 through 18 and further alleges:

19.     At all times material hereto, Plaintiff was employed by Defendant as a seaman and was a member of the vessel's crew.  The vessel was in navigable waters.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

20.     It was the duty of Defendant to provide Plaintiff with a safe place to work and to provide prompt, proper and adequate medical care and treatment, including the duty to conduct pre-employment examinations in a non-negligent manner, and to not assign Plaintiff to job tasks beyond his physical capabilities.

21.     Plaintiff was injured due to the fault and negligence of Defendant, and/or their agents, servants, and/or employees as follows:

    a.    Failure to provide a safe place to work by failing to provide the adequate tools and equipment in order for Plaintiff to perform his job tasks safely;

    b.    Failure to provide a safe place to work by failing to conduct the operations in a reasonably safe manner in order to avoid the type of injuries the Plaintiff suffered;

    c.    Failure to provide a safe place to work by continuously assigning the Plaintiff to job tasks, that required him to engage in activities which put him at risk for suffering knee injuries, as Defendant knew or should have known that Plaintiff was unfit to perform the work assigned to him because of his knee condition;

    d.    Failure to perform a proper ergonomics analysis of all the job tasks and duties Plaintiff was required to perform;

    e.    Failure to have a proper ergonomics program in place;

    f.    Failure to properly supervise the Plaintiff;

    g.    Failure to properly instruct the Plaintiff;

    h.    Failure to provide adequate assistance to the Plaintiff;

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

i. Failure to adequately determine that the job tasks and activities assigned to the Plaintiff could be safely performed by this particular Plaintiff without risk of significant injuries to himself;

j. By failing to promulgate and enforce adequate safety rules, including rules relating to lifting and carrying heavy items, which would guard against the significant risks associated with the job tasks and activities required of the Plaintiff;

k. Failure to provide a safe working environment;

l. Failure to provide prompt, proper and adequate medical care and treatment as Defendant knew or should have known that the job assignments that Plaintiff was required to perform posed a significant risk of injury to Plaintiff's knee;

m. Failure to provide a safe place to work.

n. Failure to provide the Plaintiff with an appropriate work schedule allowing enough sleep, sufficient rest time between work, a reasonable work load, and nonrepetitive work that would not pose an unreasonable risk of harm;

o. Failure to warn the Plaintiff about the risk of cumulative trauma disorders, and failure to take steps to guard against such risk, including failure to implement a proper medical management program;

p. Failure to have a proper medical management program in place to avoid cumulative trauma disorders;

q. Failure to adequately study the work place to recognize ergonomic risk factors, and then to implement procedures and steps to reduce and avoid

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

known ergonomic risk factors of injuries to crewmembers, including the risks of suffering cumulative trauma disorders.

r.    The Defendant failed to investigate the risks of the job assignments Plaintiff was required to perform, failed to do an appropriate risk analysis, and then failed to eliminate of guard against the identifiable risk of injuries that were present.

s.    Failure to provide Plaintiff a safe place to work by continuously reassigning Plaintiff to work despite his complaints, which further aggravated his condition, and resulted in a significant injury to Plaintiff's left knee;

t.    Failure to provide prompt, proper and adequate medical care and treatment. Plaintiff was originally diagnosed with a significant knee injury which required a knee replacement. However, Defendant sent Plaintiff for a second opinion to a doctor chosen by the Defendant to treat the Plaintiff for his injuries who decided that a surgery should be performed other than the knee replacement. As a result, Plaintiff continues to suffer with pain and disability in his knee and will continue to suffer in the future.

u.    By continuously finding Plaintiff fit for duty to perform the job duties assigned to him, and failing to take into consideration his prior knee condition when assigning him his job duties.

22.    Defendants knew of the foregoing conditions causing Plaintiff's accident and injuries and did not correct them, or the conditions existed for a sufficient length of time so that Defendant in the exercise of reasonable care should have learned of them and corrected them.

23.    As a result of the negligence of Defendant, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, inconvenience, aggravation of any previously existing conditions, incurred medical

7

expenses in the care and treatment of his injuries, suffered physical handicap, lost wages in the past and his working ability has been impaired. The Plaintiff will continue to suffer lost earnings and loss of earning capacity. The injuries are permanent or continuing in nature, and Plaintiff will suffer all of the described losses and impairments in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for prejudgment interest, compensatory damages, Court costs, and demands trial by jury.

**COUNT II**
**(Unseaworthiness)**

Plaintiff readopts and realleges paragraphs 1 through 18, and further alleges:

24      Plaintiff was a seaman and a member of the crew of Defendant's vessels, which were in navigable waters.

25.     At all times material hereto, the vessels were owned, managed, operated and/or controlled by Defendant.

26.     Defendant had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

27.     At all times material hereto, the unseaworthiness of Defendant's vessels was a legal cause of injury and damage to Plaintiff by reason of the following:

a.      The vessel was unsafe and unfit due to the conditions created by Defendant conduct stated in paragraph number 21, above.

b.      The vessel was not reasonably fit for its intended purpose;

c.      The vessel's crew was not properly trained, instructed, or supervised;

d.      The vessel did not have a fit crew;

e.      The vessel did not have a reasonably fit medical staff;

f.      The vessel did not assign adequate manpower for the tasks being performed;

g.      Failure to conduct proper job analysis and risk of harm analysis;

8

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

h.    The job methods and procedures were not reasonably fit for the intended purpose as they posed an unreasonable risk of injury;

i.    Failure to have proper medical equipment, facilities and staff;

j.    By having job tasks assigned to the Plaintiff which required his to utilize body mechanics that put his body at risk of injury;

k.    By requiring the Plaintiff to lift and carry excessive amounts of weights on a repetitive basis, which posed unreasonable risks of harm to the Plaintiff. As a result the job methods and procedures were not reasonably fit for their intended purposes;

l.    By failing to take into consideration Plaintiff's prior knee condition when assigning the Plaintiff with job duties he was assigned to do on Defendant's vessel, and as a result, the job methods and procedures were not reasonably fit for their intended purposes.

m.    Failure to have proper procedures in place to ensure Plaintiff was physically fit to perform the job duties assigned to him after his prior knee complaints which aggravated Plaintiff's injury, and caused him additional pain and suffering;

n.    By returning Plaintiff to work after being injured which aggravated Plaintiffs injuries and caused him additional pain and suffering;

o.    Lack of adequate medical care;

o.    Finding Plaintiff fit for duty when he was not;

p.    The tools and manpower assigned to perform the tasks Plaintiff was required to perform were not fit for the intended purpose;

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

q.     Due to an unsafe working environment;

r      Due to an insufficient number of crewmembers to perform all of the work

required;

s.     Due to the failure to have an ergonomics program in place in order to guard

against known ergonomic risk factors and guard against the development of

cumulative trauma disorders.

28.     As a result of the unseaworthiness of the vessel, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, inconvenience, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of his injuries, suffered physical handicap, lost wages in the past and his working ability has been impaired.  The Plaintiff will continue to suffer lost earnings and loss of earning capacity.  The injuries are permanent or continuing in nature, and Plaintiff will suffer all of the described losses and impairments in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for prejudgment interest, compensatory damages, Court costs, and demands trial by jury.

**COUNT III**
**(Failure to Treat/ Inadequate Medical Care)**

Plaintiff readopts and realleges paragraphs 1 through 18, and further alleges:

29.     Defendant failed to promptly provide Plaintiff with prompt, proper, adequate and complete medical care.  Defendants' failure contributed to Plaintiff suffering additional injury, pain, disability and/or prolonged Plaintiff's recovery.

30.     The doctor chosen by the Defendant to treat the Plaintiff originally recommended for the Plaintiff to undergo a total knee replacement.  However, Defendant failed and/or refused to authorize said surgery and sent him to Cali, Colombia for further medical care and treatment. The doctors in Colombia decided that Plaintiff was not a candidate for a total knee replacement and performed a surgery on Plaintiff's knee.   As a result, Plaintiff continues to suffer with pain and disability and will continue to suffer in the future.

10

31.    As a result of the failure to provide prompt, proper and adequate medical care and treatment, the Plaintiff was injured about his body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, his disability, disfigurement, inconvenience, aggravation of any previously existing conditions, incurred medical expenses in the care and treatment of her injuries, suffered physical and psychological injuries, which resulted in Plaintiff being handicapped, Plaintiff has lost wages in the past and his working ability has been impaired. The Plaintiff will continue to suffer lost earnings and loss of earning capacity. The injuries are permanent or continuing in nature, and Plaintiff will suffer all of the described losses and impairments in the future.

WHEREFORE, the Plaintiff demands judgment against the Defendant for prejudgment interest, compensatory damages, Court costs, and demands trial by jury.

**COUNT IV**
**(Failure to Provide Entire Maintenance and Cure)**

Plaintiff readopts and realleges paragraphs 1 through 18, and further alleges:

32.    On or about the previously stated date, Plaintiff, while in the service of the vessel as a crewmember was injured.

33.    The doctors chosen by the Defendant to treat the Plaintiff originally recommended for the Plaintiff to undergo a total knee replacement. However, Defendant failed and/or refused to authorize said surgery and sent him to Cali, Colombia for further medical care and treatment. The doctors in Colombia decided that Plaintiff was not a candidate for a total knee replacement and performed a surgery on Plaintiff's knee. As a result, Plaintiff continues to suffer with pain and disability and will continue to suffer in the future.

34.    Under the General Maritime Law, Plaintiff, as a seaman, is entitled to recover maintenance and cure from Defendants, until he is declared to have reached maximum possible cure.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

35.     As a result of the delay in providing maintenance and cure, and the failure to provide appropriate and proper maintenance and cure, Plaintiff has suffered compensatory damages, including but not limited to the following:

      a.     Past and future pain and suffering;

      b.      Mental anguish;

      c.     Physical handicap and impairment;

      d.     Disfigurement;

      e      Disability;

      f.     Inconvenience;

      g.     Aggravation and/or prolongation of his injuries;

      h.     Lost wages in the past;

      i.     Loss of ability to earn money in the future; and

      j.     Loss of capacity for the enjoyment of life.

36.     Defendant willfully and callously delayed, failed and refused to provide Plaintiff's entire maintenance and cure so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee.

37.     Defendants' failure to provide Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to punitive damages and attorneys' fees under the General Maritime Law of the United States. It is Plaintiff's intent to file a motion to amend the Complaint by interlineation to demand punitive damages when appropriate. In the meantime the allegations in support of a claim for punitive damages are contained in this Complaint; however, only attorney's fees are demanded at this time.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

WHEREFORE, Plaintiff demands judgment against the Defendants for compensatory damages, including his past and future pain and suffering, mental anguish, physical handicap and impairment, disfigurement, disability, inconvenience, lost wages in the past, loss of ability to earn money in the future, and loss of capacity for the enjoyment of life.

Dated this ___\8___ day of June, 2014.

RIVKIND & MARGULIES, P.A
Attorneys for Plaintiff
Concord Building - Suite 600
66 West Flagler Street
Miami, Florida 33130
(305) 374-0565
(305) 539-8341 (fax)

By:_____
      BRUCE MARGULIES, ESQUIRE
      FBN: 35441

| ☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ FAMILY<br>☐ OTHER | **CIVIL COVER SHEET** | **CASE NUMBER** |
| **PLAINTIFF**<br><br>SANTOS MENDEZ, | **VS. DEFENDANT**<br><br>CARNIVAL CORPORATION d/b/a<br>CARNIVAL CRUISE LINES, INC. | **CLOCK IN** |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☒ **Negligence - Other**
    ☐ 097 - Business Governance
    ☐ 098 - Business Torts
    ☐ 099 - Environmental/Toxin Tort
    ☐ 100 - Third Party Indemnification
    ☐ 101 - Construction Defect
    ☐ 102 - Mass Tort
    ☐ 103 - Negligent Security
    ☐ 104 - Nursing Home Negligence
    ☐ 105 - Premises Liability - Commercial
    ☐ 106 - Premises Liability - Residential
    ☒ 107 - Negligence - Other
☐ **Real Property/Mortgage Foreclosure**
    ☐ 108 - Commercial Foreclosure $0 - $50,000
    ☐ 109 - Commercial Foreclosure $50,001 - $249,999
    ☐ 110 - Commercial Foreclosure $250,000 - or more
    ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
    ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
    ☐ 113 - Homestead Residential Foreclosure $250,000 or more
    ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
    ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
    ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
    ☐ 117 - Other Real Property Actions $0 - $50,000
    ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ **Professional Malpractice**
    ☐ 094 - Malpractice - Business
    ☐ 095 - Malpractice - Medical
    ☐ 096 - Malpractice - Other professional
☐ **Other**
    ☐ 120 - Antitrust/Trade Regulation
    ☐ 121 - Business Transactions
    ☐ 122 - Constitutional Challenge - Statute or Ordinance
    ☐ 123 - Constitutional Challenge - Proposed amendment
    ☐ 124 - Corporate Trust
    ☐ 125 - Discrimination - Employment or Other
    ☐ 126 - Insurance Claims
    ☐ 127 - Intellectual Property
    ☐ 128 - Libel/Slander
    ☐ 129 - Shareholder Derivative Action
    ☐ 130 - Securities Litigation
    ☐ 131 - Trade Secrets
    ☐ 132 - Trust Litigation
☐ **133 - Other Civil Complaint**
    ☐ 009 - Bond Estreature
    ☐ 014 - Replevin
    ☐ 024 - Witness Protection
    ☐ 080 - Declaratory Judgment
    ☐ 081 - Injunctive Relief
    ☐ 082 - Equitable Relief
    ☐ 083 - Construction Lien
    ☐ 084 - Petition for Adversary Preliminary Hearing
    ☐ 085 - Civil Forfeiture
    ☐ 086 - Voluntary Binding Arbitration
    ☐ 087 - Personal Injury Protection (PIP)

Clerk's web address: www.miami-dadeclerk.com

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

REMEDIES SOUGHT (check all that apply):

☒     monetary;

☐     non-monetary declaratory or injunctive relief;

☐     punitive

NUMBER OF CAUSES OF ACTION: [ 4 ]

(specify) (i) Jones Act Negligence (II)Unseaworthiness (III) Failure to Treat (IV) Failure to Provide M & C

IS THIS CASE A CLASS ACTION LAWSUIT?

☐ Yes

☒ No

HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☒ No

☐ Yes   If "Yes", list all related cases by name, case number, and court.

IS JURY TRIAL DEMANDED IN COMPLAINT?

☒ Yes

☐ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____ Florida Bar # _____354414_____
                Attorney or party                               (Bar # if attorney)

Bruce Margulies, Esquire _____ _____June 26, 2014_____
(type or print name)                                     Date

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANTOS MENDEZ,

GENERAL JURISDICTION DIVISION

     Plaintiff

CASE NO.:

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

     Defendant.

_____/

## REQUEST FOR ADMISSIONS DIRECTED TO EACH
## DEFENDANT WITH ONE INTERROGATORY

Plaintiff requests each Defendant to admit the following:

(Please read Salazar v. Valle, 360 So.2d 132 (Fla. 3d DCA 1978) as to the propriety of these requests

for admissions).

    1.    The date of the incident alleged in the Complaint is correct.

    2.    The place of the incident alleged in the Complaint is correct.

    3.    The name of the Defendant alleged to have owned the vessel involved in the incident

alleged in the Complaint is correct.

    4.    The name of the Defendant alleged to have operated the vessel involved in the incident

alleged in the Complaint is correct.

    5.    The name of the Defendant alleged to have been the employer of the Plaintiff

at the time of the incident alleged in the Complaint is correct.

    6.    The Defendant charged with negligence with respect to the incident alleged in

the Complaint was, in fact, negligent at the time.

1

7.     The vessel charged with unseaworthiness in the Complaint, was, in fact, unseaworthy at the time of the incident alleged in the Complaint.

8.     The negligence of the Defendant(s) or unseaworthiness of the vessel was a proximate cause of loss, and/or injury and/or damages to Plaintiff, with respect to the incident alleged in the Complaint.

9.     The Plaintiff suffered personal injury as a result of the incident alleged in the Complaint.

10.     At the time of the incident alleged in the Complaint, the Plaintiff was not, in any degree, negligent.

11.     At all times material hereto, Defendant engaged in one or more of the acts listed in Florida Statutes 48.081 or 48.181 or 48.193 in Florida.

12.     As a result of the incident alleged in the Complaint, Plaintiff was entitled to receive maintenance and cure from Defendant until he was declared to have reached maximum medical improvement.

13.     As of the date Defendant was served with the Complaint, Plaintiff had not yet been declared to have reached maximum medical improvement.

14.     Defendant prepared an accident or incident report pertaining to the incident alleged in the Complaint at or near the time of the alleged incident.

15.     Defendant had photographs taken of the scene of the alleged incident or board the vessel at or near the time of the incident.

16.     Defendant had photographs taken of the scene of the alleged incident on board the vessel prior to the any changes being made to the scene.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

17.     All of the employees on the vessel at the time of Plaintiff's alleged incident were members of the vessel's crew.

18.     Defendant has access to its crew members for purposes of taking statements and investigating incidents such as the one alleged by Plaintiff in the Complaint.

19.     One of the duties of the Staff Captain on board the vessel is to investigate incidents and accidents.

20.     One of the duties of the Staff Captain on board the vessel is to fill out an incident or accident report at or near the time of the incident or accident.

21.     The Staff Captain keeps a copy of the incident or accident report.

22.     There are International requirements for the Defendant to adopt and implement a Safety and Environmental Management System.

23.     In accordance with the International requirements the Defendant has in fact adopted and implemented a Safety and Environmental Management System.

24.     Contained within the required Safety and Environmental Management System are procedures for investigation and reporting accidents.

25.     In accordance with the procedures contained in the Safety and Environmental Management System regarding investigation and reporting of accidents, Defendant did in fact investigate the incident or accident alleged by the Plaintiff in this case.

26.     In accordance with the procedures in the Safety and Environmental Management System regarding investigation and reporting of accidents, Defendant did in fact prepare one or more reports relating to the incident or accident claimed by the Plaintiff in this case.

27.    It was the job of the supervisor and ship's doctor to determine Plaintiff's fitness to return to his regular job duties, and if Plaintiff needed to be returned to work with restrictions, or whether Plaintiff needed to be relieved of his job duties.

28.    Following the Plaintiff's examinations by the ship's physician, a decision was made by the ship's physician and supervisors that the Plaintiff could be returned to full duty status and continue with his regular assigned duties, with no restrictions.

## INTERROGATORY

29.    For each request denied by Defendant, please state and identify each fact and document upon which Defendant relied in denying the Request for Admission.

Dated this _____ day of June, 2014.

RIVKIND & MARGULIES, P.A.
Attorneys for Plaintiff
Concord Building, Suite 600
66 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 374-0565
Facsimile:     (305) 539-8341

By: _____
BRETT RIVKIND, ESQ.
FBN:  373486

4

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANTOS MENDEZ,

GENERAL JURISDICTION DIVISION

   Plaintiff

CASE NO.:

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

   Defendant.
_____/

### PLAINTIFF'S NOTICE OF SERVING INITIAL INTERROGATORIES TO DEFENDANT ALONG WITH COMPLAINT

   Plaintiff, by and through his undersigned counsel propounds the attached Interrogatories numbered 1 through 23 upon the Defendant, requesting and requiring that said Defendant shall answer same under oath and in writing in accordance with the applicable Rules of Civil Procedure.

        RIVKIND & MARGULIES
        Attorneys for Plaintiff
        Concord Building, Suite 600
        66 West Flagler Street
        Miami, Florida 33130
        Telephone: (305) 374-0565
        Facsimile: (305) 539-8341

        By:_____
          BRUCE MARGULIES, ESQ.
          FBN: 354414

## INSTRUCTIONS

(1)     The incident referred to in these Interrogatories is the one alleged by Plaintiff to be the basis of his claim in the Complaint.

(2)     These interrogatories are requesting the information of the Defendant, Defendant's agents, servants, employees, investigators, attorneys and insurance carriers.

## INTERROGATORIES

1.     What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.     State separately the names, addresses, employers and telephone numbers of any and all persons known to you or to anyone acting on your behalf who saw, heard or investigated any of the claims of the Plaintiff that he/she was injured on the vessel, and state how any such information was in fact received by Defendant.

3.      List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

4.      Have you obtained statements of any kind, whether written, recorded, stenographically transcribed, oral, or otherwise, from anyone, which concern or relate to any of Plaintiff's claims?  If so, please describe each statement and include the name, occupation, telephone number and address of each person; the type of statement, which was taken (whether written, recorded, transcribed); the name of the present custodian of each statement so taken; and the date on which the statement was taken.

5.      State the name of the individual that was Plaintiff's immediate supervisor at the time of Plaintiff's accident, including current address and phone number.  (If still working for Defendant, provide the ship the individual is currently working on).

6.      State the name, job title, and current address and phone number (If still working for Defendant, provide the ship the individual is currently working on) of Plaintiff's immediate supervisor for each of Plaintiff's contracts with the Defendant.

7.      State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.  This includes any instructional or safety videos pertaining to Plaintiff's employment with the Defendant.

8.      Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

9.    Identify any claims or complaints by the Plaintiff that Defendant is aware of as to any physical injuries or illnesses that Defendant claims is a pre-existing condition Plaintiff suffered from, and identify any documents Defendant contends supports the claim that Plaintiff suffers from any pre-existing condition that existed prior to the time alleged in the Complaint his injuries occurred.

10.    Identify each and every report that was prepared by Defendant, or its agent, that pertains to the Plaintiff or any of the claims made by the Plaintiff, including but not limited to any investigative reports in accordance with procedures of the Defendant set forth in the Safety Management System or SQM system, or pursuant to procedures adopted in accordance with IMO requirements.  As to each, include:  its date; the type of report or statement; whether written, oral, recorded, reported or otherwise; to whom it was made; the name, address and employer of the custodian of any permanent form of each statement.  State as to any such report, what procedures the report was prepared in accordance with, identifying with specificity the procedures including where the procedures can be found in order to be reviewed.

11.    Identify with specificity any statements made by the Plaintiff Defendant is aware of that relates to Plaintiff's physical condition, injuries, prior claims, how Plaintiff was injured, or any and all other statements Plaintiff made that Defendant claims relates to how Plaintiff was injured or any other matter pertaining to Plaintiff's claim.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

12.     State the full name and present address of each owner and operator of any vessels, mentioned in the Complaint and indicate whether that entity is the same owner and operator of the fleet of vessels operating under the same cruise line name.  (For example, Royal Caribbean Cruises, Carnival, Norwegian Cruise Lines, Ltd.)

13.     If you assert any defenses based on the conduct of the Plaintiff, please state:  what acts or omission are the basis thereof; the name and address and place of employment, job title or capacity, and present whereabouts of each person having knowledge or claiming to have knowledge of such conduct on the part of the Plaintiff; and what acts known by Defendant are the basis for mitigation of Plaintiff's damages.

14.     State in detail the manner in which you assert Plaintiff's injuries occurred which required medical care and treatment.  How do you contend Plaintiff's injuries occurred or how Plaintiff's accident occurred.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

15.     State all forms of compensation paid to Plaintiff during Plaintiff's last contract, including base salary, overtime, bonuses, vacation pay and fringe benefits.   (Please itemize compensation to Plaintiff, how it was calculated, and identify those documents that would provide proof of all forms of compensation paid to Plaintiff during his/her last contract.)

16.     As of the date of the incident alleged in the Complaint, state the cost per day, per seaman, for food on the vessel where Plaintiff worked.  If you do not have that calculation, state what you contend is an adequate daily rate for the Plaintiff to obtain equivalent food and lodging on land in both Plaintiff's home country, and in Miami, and how you calculated such.  In addition, state how much Defendant pays per day for food and lodging accommodations for crewmembers who reside in Plaintiff's home country, and whether Defendant has a policy of providing to such crewmembers a specific daily amount if not providing food and lodging at a hotel.  Also, how did Defendant arrive at that daily rate?

17.     State the full name and address of each employer of Plaintiff aboard any of the vessels mentioned in the Complaint.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

18.    State the date you contend Plaintiff reached maximum medical cure, and identify by date and author, any documents relied upon for this determination.

19.    Itemize all maintenance and cure payments to Plaintiff, by date, and amount to whom paid, and a description of what the money covered.

20.    List any deductions from Plaintiff's earned wages and describe each deduction by date, amount, and purpose.  (Do not simply refer to Plaintiff's contract as such information may not be contained there).

21.     Name the medical care coordinator assigned to oversee Plaintiff's medical care and treatment.

22.     List each crewmember with the same job title Plaintiff had who has been listed in the RMIS Database as suffering any type of musculoskeletal injuries and where the cause listed in the database was cumulative trauma disorder, twisting overexertion, lifting.  Include this information for a five (5) year period of time which would include the dates of answering these interrogatories.

23.     As to your answer to Number 22, list the date of entry, the type of injury and the cause listed.  This investigation is requested for a five (5) year period prior to the dates alleged in the Complaint that Plaintiff suffered injury, and for the time period up to and including the date of answering these interrogatories.

_____

AFFIANT


STATE OF FLORIDA          )

                          ) ss:

COUNTY OF MIAMI DADE)


BEFORE ME, the undersigned authority, duly authorized to administer oaths and take acknowledgments, personally appeared _____, who being by me first duly sworn to state the truth under oath, states that the attached Answers to Interrogatories are true and correct to the best of his/her knowledge and belief, and that he/she has read the Answers to Interrogatories and knows the contents thereof.


SWORN AND SUBSCRIBED before me this ____ day of_____, 2014.


_____

NOTARY PUBLIC, State of Florida at Large

Commission Number:_____
My Commission Expires:

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANTOS MENDEZ,                                    GENERAL JURISDICTION DIVISION

      Plaintiff                                 CASE NO.:

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

      Defendant.
_____/

## REQUEST FOR PRODUCTION

Plaintiff hereby requests each Defendant to produce the following documents at the law office of Plaintiff's attorney and to clearly identify the documents being produced so it is clear which documents correspond to each particular request:

## PRIVILEGED ITEMS

With respect to any documents or items for which work product and/or attorney client privilege is claimed, please provide a list of items denoting date of preparation, type of item and the name, address job title and employer for the person preparing the item and for each present custodian of same. Also submit the items in a sealed envelope to the Court for an in camera inspection.

## INSTRUCTIONS

Please identify which documents are produced in response to which Request.

## ITEMS TO BE PRODUCED

1.     Plaintiff's payroll records while employed by Defendant.

2.     Plaintiff's medical records kept on board the vessel by the ship's doctor.

3.     Plaintiff's personnel file including employment applications.

4.     Plaintiff's applications for employment with Defendant.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

5.      Any pre-employment physical exams of the Plaintiff.

6.      Any Ship's medical log entries, which reflect care, treatment and/or examination of Plaintiff, including any daily logs where an entry is made when a crewmember visits the ship's doctor.

7.      Any log entries in any log book pertaining to Plaintiff.

8.      All medical reports, hospital records, X-rays, etc., pertaining to Plaintiff, including but not limited to, the Defendant's complete medical file regarding Plaintiff. (Includes any shoreside referrals, requests to see ship's doctors, and any other medical information pertaining to the Plaintiff.)  This includes medical records and films of any of the medical care provider Defendant chose and paid to provide medical care and treatment to the Plaintiff.

9.      Any accident, incident reports, illness or injury reports, that pertain to the Plaintiff. (If you contend any of these reports are privileged, provide the required Privilege Log with sufficient specificity so a court ruling may be obtained.) (This request includes each vessel Plaintiff worked on that was owned or operated by the Defendant.)

10.     Policy of insurance or protection and indemnity providing coverage for Defendant by reason of Plaintiff's claim.

11.     Photographs, diagrams, ship's engineering drawings, and graphs reflecting the area of Plaintiff's alleged incident as it existed at the time alleged in the Complaint and before any changes to the scene of the incident occurred, including the specific work areas Plaintiff alleges she was assigned to perform work tasks that contributed to her injuries.

12.     All log entries pertaining to Plaintiff, including crew logs, medical logs, deck logs and any other logs.

13.     Copies of checks and records, along with accounting summaries, reflecting any payments to Plaintiff of money by Defendant for maintenance and cure, including sick wages and earned wages with respect to injuries sustained in the incident alleged in the Complaint. (This request asks Defendant to produce proof of maintenance and cure, which includes payments to the Plaintiff and to any medical care providers.)

14.     Copies of checks and records, along with accounting summaries, reflecting payments by Defendant on behalf of Plaintiff for medical care, treatment and examination, with respect to injuries sustained in the incident alleged in the Complaint.

15.     Any correspondence from the Defendant(s) to its (their) agents, including any medical care providers, concerning the Plaintiff's medical care and treatment.  This request includes any correspondence setting up medical care for the Plaintiff in his home country. (Also requests any type of correspondence with doctors providing any type of medical information concerning Plaintiff.)

16.     Copies of guarantee documents, or letters guaranteeing the payment of Plaintiff's medical care and treatment with respect to the injuries sustained in the incident alleged in the Complaint.

17.     Any documents relied upon by Defendant to conclude Plaintiff was at maximum medical cure.

18.     Any documents relied upon to terminate maintenance and cure.

19.     The vessel or permit entry for the purpose of inspection, measuring, surveying and photographing.

20.     Statements of any form given by the Plaintiff.

21.     Any correspondence to and from the Plaintiff.

22.     Any documents containing any statements made by the Plaintiff.

23.     Any documents reflecting arrangements made for the Plaintiff to receive medical care and treatment, including any correspondence sent to any agents or medical care providers concerning Plaintiff's medical care and treatment in her home country.

24.     Any correspondence, memoranda, or other documents reflecting conversations with any of Plaintiff's treating doctors.

25.     Any correspondence to and from Plaintiff's treating doctors, including any correspondence containing information about Plaintiff's medical condition.

26.     All medical bills received by Defendant that relate to Plaintiff.

27.     Statements given by any witness or any other person who may have knowledge of relevant facts, with respect to the incident alleged in the Complaint, including those given at or near the time of the incident by Defendant's employees and while the facts of the incident were still fresh in the memory of the witness.

28.     Statement of Crew Member Reporting Accident/Illness Report.

29.     Statement of Eyewitness to an Employee Injury Report.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

30.    Employee Injury Investigation Fact Sheet Report.

31.    Root Cause Analysis Recommended Corrective Actions Report.

32.    Reports rendered by any person who will be used as an expert witness in this   action.

33.    Complete PEME including Lab Work.

34.    Crew Medical Consultation Requests Forms.

35.    Medical Log Entries pertaining (to all visits).

36.    Shipboard Examination records.

37.    Shoreside Referrals.

38.    Work orders pertaining to the work being done at the time of the incident alleged in the Complaint.

39.    Photographs, slides, or motion pictures, or videotapes, including any possible surveillance of Plaintiff taken at any time, which are in Defendant's possession or the possession of Defendant's agents, servants or employees.

40.    Charter Agreement pertaining to the vessel at the time of the incident alleged in the Complaint.

41.    The Life Onboard video.

42.    Master's Rules and Regulations.

43.    Getting Onboard Handbook.

44.    Any manuals, including Safety Management Systems, SQM Systems, describing procedures for accident investigation and reporting.

45.    Job descriptions for any positions held by Plaintiff while in the employment of Defendant.

46.    Any Collective Bargaining Agreements Defendant claims apply to Plaintiff's employment.

47.    Crewmember Signed Contract.

48.    Any employment contracts with the Plaintiff.

49.    Any warnings or reprimands given to Plaintiff.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

50.    The voyage files and voyage reports for the voyage during which Plaintiff's injuries or accident is alleged in the Complaint to have occurred.

51.    Any and all documents that support each Defendant's affirmative defenses.

52.    All documents regarding the job description and duties of Plaintiff.

53.    All documents which indicate Plaintiff's earnings and/or receipt of fringe benefits while in the employment of Defendant, for the entire time she was employed by Defendant.

54.    Any safety rules that applied to Plaintiff's employment on each of the vessels.

55.    Any safety or instructional videos concerning Plaintiff's employment with Defendant that would pertain to Plaintiff's employment with Defendant.

56.    Any safety videos or instructional videos for crewmembers that Defendant maintains.

57.    Any written instruction provided to Plaintiff on how to perform her job.

58.    Any ergonomic studies of the job tasks performed by crew aboard Defendant's vessels which cover the jobs Plaintiff performed for Defendant.

59.    Any risk analysis or job task analysis performed by Defendant as to any job aboard Defendant's ships that Plaintiff was required to perform.

60.    Any document in accordance with IMO requirements to prove Defendant ever conducted a risk analysis as to Plaintiff's job.

61.    Any document in accordance with IMO requirements to prove Defendant investigated Plaintiff's accident and determined the likely cause and any corrective actions needed.

62.    Any documents reflecting fringe benefits, retirement plans, pension plans, and medical care benefits.

63.    All records reflecting calculations of Plaintiff's earnings and payments to Plaintiff of earned wages.

64.    All sign on and sign off records of Plaintiff.

65.    Any document reflecting sign on and sign off dates during Plaintiff's employment with Defendant, reflecting the names of the vessels, dates and job titles.

66.    Crew Maintenance and Cure Report.

67.    All maintenance and cure requests by Plaintiff.

68.    Crewmember Employee Assignment History Report.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

69.   Time and Attendance Policy information form.

70.   Work Hour Recording Sheets of the Plaintiff.

71.   Any telephone recordings with any health care providers.

72.   Any emails or other computer data pertaining to medical information obtained concerning the Plaintiff.

73.   Any instructions on how to save information obtained regarding the medical care and treatment of a crewmember.

74.   Any instructions on how to input and save information obtained about a crewmember who has suffered an illness or injury.

75.   Any instructions on how to input and save information about accidents on the ships.

76.   Any time and attendance information sheets or time cards showing working hours each day for the Plaintiff.

77.   Copies of any and all Crew Member History-Work with Employee Assignment Forms.

In the event one or more Defendants take the position that the Court in which this suit is filed lacks jurisdiction over Defendant or the subject matter; or the doctrine of forum non conveniens applies, then Plaintiff requests that any and all documents pertaining to the following be produced:

78.   Accounting records for Plaintiff.

79.   Purchasing and financing of the vessel.

80.   Defendants' Articles of Incorporation and shareholder records.

81.   Board of Directors' minutes, pertaining to the purchase, financing, ownership and operation of the vessel.

82.   Tariffs in effect for the vessel for one year up to and including the date of the accident.

83.   Federal Maritime Pollution Application in effect at the time of the incident alleged in the Complaint.

84.   Corporate resolutions, signature cards, and monthly statements pertaining to Defendants' Florida bank accounts.

85.   Corporate resolutions, signature cards, and monthly statements pertaining to Defendants' U.S. bank accounts.

86.   Bill of Lading forms used for cargo on vessel.

RIVKIND & MARGULIES, P.A.
66 WEST FLAGLER STREET SUITE 600 MIAMI FL 33130

87.   Agency agreements pertaining to the vessel.

88.   Accounting records for vessel.

89.   Repair records for vessel.

90.   Documents reflecting the date for each occasion the vessel arrived in a port in the United States for its possessions.

91.   Ship's survey.

92.   Ship's registration.

93.   Deed(s) for property owned by Defendant located in the United States.

94.   Leases for property leased by Defendant in the United States.

95.   Agreements with brokers, freight forwarders or agents pertaining to cargo transported by Defendant to or from the United States.

96.   Complaints from other lawsuits involving Defendant as either a Plaintiff or Defendant in a court located in the United States.

97.   Advertisements pertaining to Defendant or its vessels.

98.   Bills, invoices, statements, or documents evidencing payments by Defendants to any entity in Florida.

99.   Bills, invoices, statements, or documents evidencing payments by Defendants to any entity in the United States.

Dated this _____ 26 _____ day of June, 2014.

> RIVKIND & MARGULIES, P.A.
> Attorneys for Plaintiff
> Concord Building, Suite 600
> 66 West Flagler Street
> Miami, Florida 33130
> Telephone:   (305) 374-0565
> Facsimile:   (305) 539-8341
>
> By: _____
>       BRUCE MARGULIES, ESQ.
>       FBN: 354414

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

SANTOS MENDEZ,

GENERAL JURISDICTION DIVISION

      Plaintiff

CASE NO.:

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, INC.,

      Defendant.

_____/

## PLAINTIFF'S MOTION FOR IMMEDIATE INSPECTION OF VESSEL AND ACCESS TO EYE WITNESSES

Plaintiff moves this Honorable Court for entry of an order granting immediate access to the scene of the accident on board the vessel, along with access to the eye witnesses for purposes of interview.

For good cause Plaintiff respectfully submits the following:

1.      Defendant has a procedure in effect to immediately investigate all accidents.

2.      Defendant has sole custody, control and autonomy over the vessel where the accident occurred.

3.      Defendant immediately has access to the eye witnesses who are Defendant's employees for purposes of investigation and taking statements.

4.      Plaintiff desires to try and duplicate this information as soon as possible so that it is still fresh in the memories of the witnesses and before changes are made to the scene of the accident.

1

5.     Defendant routinely refuses to provide access to Plaintiff's counsel for these purposes. Furthermore, Defendant routinely objects to providing copies of the investigation and incident reports, in spite of favorable case law to the effect that Plaintiff could be entitled to that information.

6.     Plaintiff also desires to take photographs or make videotapes.

WHEREFORE, Plaintiff respectfully requests that an order be entered requiring Defendant to provide immediate access to not only the vessel but to interview and take statements from potential eye witnesses.

Dated this _____ 2 6 _____ day of June, 2014.

RIVKIND & MARGULIES, P.A.
Attorneys for Plaintiff
Concord Building, Suite 600
66 West Flagler Street
Miami, Florida 33130
Telephone:     (305) 374-0565
Facsimile:     (305) 539-8341


By: _____
     BRUCE MARGULIES, ESQ.
     FBN: 354414